IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald D. Berry, #296444, ) | |
| ) | C/A No. 0:08-2403-HMH-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina; Glenn Stone, ) | |
| Warden of the Catawba Pre-Release Center; ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment (Docket Entry 20). The petitioner, Donald D. Berry ("Berry"), a state prisoner who is proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Berry challenges his guilty plea for manufacturing methamphetamines on September 18, 2003, for which the circuit court sentenced Berry to seven years' imprisonment.

The court takes judicial notice[1] that on March 23, 2009, the South Carolina Supreme Court ruled on Berry's pending appeal seeking post-conviction relief. The Supreme Court vacated Berry's conviction and sentence for manufacturing methamphetamines and remanded his charges to general sessions court for further disposition. See Berry v. State, No. 26618, 2009 WL 744399 (S.C. March 23, 2009). On April 8, 2009, the Supreme Court issued a remittitur making this decision final.

---

[1] Pursuant to Federal Rule of Evidence 201(b)(2), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, it is well settled that a federal court can take judicial notice of proceedings in other courts of record. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

Page 1 of 3



Accordingly, there is no further habeas relief that this court can provide Berry and, as such, this action is moot.  See Lowe v. Duckworth, 663 F.2d 42, 43-44 (7th Cir. 1981) (finding a habeas action moot when the state authorities granted the prisoner a new trial while the appeal was pending and stating that the petitioner can obtain no further remedy from his habeas petition); Cumbo v. Eyman, 409 F.2d 400 (9th Cir. 1969) (finding that a reversal by the state appellate court of the petitioner's conviction rendered the habeas corpus proceeding moot in federal court.).

Accordingly, the court recommends that the petition be dismissed as moot and that the respondents' motion for summary judgment (Docket Entry 20) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 14, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).